IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES T. GROOMSTER #99077397, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-00323 |
| ) | Senior Judge Haynes |
| UMC MEDICAL HOSPITAL, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

Plaintiff, Charles Groomster, an inmate in the Wilson County Jail in Lebanon, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: UMC Medical Hospital, Frank Deriggi, Jason Ezell and Matt Mang. Plaintiff asserts Fourth Amendment claims arising out of the Defendants' search of his person at a local hospital.

According to his complaint, on August 28, 2012, Defendant Officers Deriggi, Ezell and Mang arrested Plaintiff and transported Plaintiff to Defendant UMC Medical Hospital. Plaintiff alleges that an unnamed doctor at the hospital searched Plaintiff's rectum for drugs without his consent. Plaintiff alleges that the search did not lead to discovery of any drugs. Plaintiff alleges that the officers said that they had a warrant to conduct the search, but that the hospital did not have a warrant. Plaintiff's claims are that the Defendants violated his civil rights and did not act professionally during the alleged incident for which Plaintiff seeks $1 million in damages from each Defendant.

The complaint is before the Court for an initial review under the Prison Litigation Reform Act ("PLRA") 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e©. Under the PLRA, the

Court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The dismissal standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff

from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits.")

To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

From his complaint, Plaintiff's action is time-barred. For Section 1983 claims, federal courts apply the state personal injury statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 249–250 (1989); *Wolfe v. Perry*, 412 F.3d 707, 713–714 (6th Cir. 2005). Tennessee's statute of limitations for personal injury or for damages actions for federal civil rights claims is one year. Tenn. Code Ann. § 28-3-104(a)(1) and (3). *Dellis v. Corrs. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

The limitations period for a § 1983 plaintiff's claim for unlawful arrest in violation of the Fourth Amendment commences when the claim accrued that is when Plaintiff appeared before a magistrate and was bound over for trial. *Wallace v. Kato*, 549 U.S. 384, 390 (2007). The court expressly rejected the argument that *Heck v. Humphrey*, 512 U.S. 477 (1994) dictates that the action did not accrue until the criminal charges were resolved in the plaintiff's favor. *Wallace*, 549 U.S. at 392–394 and that *Heck*'s bar to civil suits that necessarily imply the invalidity of a conviction only applies when there is an "extant conviction" and not merely an "anticipated future conviction." *Id.* at 393. In *Wallace*, the Court held that the § 1983 limitations period runs during the pendency of the related criminal proceedings and is not tolled upon a conviction that

gives rise to a *Heck* bar. *Id.* at 394–95. According to *Wallace*, a § 1983 plaintiff with a Fourth Amendment claim must file within the applicable limitations period even if criminal charges are then pending that would allow the district court to stay the civil action until the criminal action is resolved and either proceed or dismiss under *Heck* at that point. *Id.* at 393–94. Only a plaintiff who follows this procedure would be entitled to some additional time to refile if a suit dismissed under *Heck* is later capable of being revived upon reversal of the conviction. *See Wallace*, 549 U.S. at 395 n. 4 (2007) (explaining that because the plaintiff had not filed timely and been dismissed under *Heck*, the court need not determine how much time to refile would have been proper after removal of the *Heck* bar).

The Sixth Circuit has held that the rule of *Wallace* applies to claims of unconstitutional searches under the Fourth Amendment, so that the limitations period for a § 1983 claim begins to run on the date of the search. *Hornback v. Lexington-Fayette Urban Cnty., Gov't*, 543 F. App'x 499, 502 (6th Cir. 2013). There, the plaintiff's claim was held to accrue on the date of the search, when the plaintiff knew or should have known that the search was unlawful, and that plaintiff could have filed suit at that time. *Id.* at 501–02. The Sixth Circuit affirmed the dismissal of his claim filed approximately 20 months later as untimely, even though it was filed within a year of the date on which the state court granted the plaintiff's motion to suppress and dismissed the criminal charges against him. *Id.* at 501–02. Here, the time within which Plaintiff could have filed a timely complaint arising from the August 28, 2012 search expired in August 2013 – more than eighteen months ago. Although Plaintiff is in jail, it is unclear from his complaint whether the search about which Plaintiff complains is connected to any pending criminal proceedings against him.

The clear import of these decisions is that Plaintiff's claims is not timely regardless of whether the search in question played any role in criminal proceedings against him, or whether those proceedings have since been resolved for or against Plaintiff. Because Plaintiff's complaint was filed well beyond the applicable limitations period, Plaintiff's complaint is frivolous for the purpose of the PLRA. *Dellis*, 257 F.3d at 511 (6th Cir.2001) (cases filed beyond the statute of limitations are properly dismissed as frivolous).

For the reasons set forth above, this action will be **DISMISSED** as frivolous.

An appropriate Order is filed herewith.

ENTERED this the 13th day of April, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge